**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

*Civil Action No. 08-cv-02340-MSK-KLM*

JUDE T. FUSCO and
JEAN A. FUSCO,

      Plaintiffs,

v.

ACMI CORPORATION and
VAIL VALLEY MEDICAL CENTER, a/k/a VAIL CLINIC, INC.,

      Defendants.

---

## PROTECTIVE ORDER

Upon motion of all parties for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court hereby finds that:

1. Because of the make-up of the parties and the nature of the claims, it is likely that this case will involve disclosure of confidential business and commercial information. In particular, proprietary information and documents regarding testing of ACMI Corporation products; and proprietary trade secrets regarding ACMI Corporation's business practices may be requested or produced in this case.

2. ~~The Court finds that information of the type listed is typically treated as trade~~ secrets, and kept confidential by insurers, corporate entities, and individuals. The Court further finds that disclosure of ~~such~~ information beyond the parties to this case would potentially harm ~~the parties' property interest in that information. Unrestricted disclosure of such information~~

KLM

~~could enable competitors to gain commercial advantage.  The Court also finds that the parties~~ could, by voluntarily allowing ~~disclosure~~ of this type of information, risk losing "trade secret" ~~protection under federal and state~~ laws.

3.      The Court finds that the potential for ~~such~~ genuine economic harm to the parties from disclosure of the type of information covered by this Order, along with the absence of any obvious non-commercial reason why such information should be made available to the general public, constitutes good cause for entry of this Order.

4.      Based upon the foregoing, good cause exists for entry of a protective order under F.R.C.P. 26(c).

IT IS HEREBY ORDERED THAT:

1.      This Stipulated Protective Order governs the use of all produced documents and any other information, documents, objects or things which have been or will be produced or received by any party or non-party during pretrial and trial proceedings in this action, pursuant to the Federal Rules of Civil Procedure, as well as any and all copies, digests, summaries and by-products thereof.

2.      The above-captioned litigation will involve the production of documents by parties.  Some of the documents are confidential or privileged within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure.

3.      The parties agree this Stipulated Protective Order ("Order") is appropriate and advisable, and are requesting the Court to approve the Order to prohibit certain confidential material and information from disclosure beyond that which is necessary for the purposes of this litigation.

4.      Pursuant to F.R.C.P. 26(c), if, during the course of this litigation, any party or non-party undertakes to produce or is caused to disclose what they in good faith believe embodies Confidential Information, the procedures set forth below shall be employed and the disclosure thereof shall be subject to this Order. The parties shall maintain and periodically update a "Confidentiality Log" which shall consist of a list of all documents, tangible objects, or other material designated as Confidential Information in the course of this litigation, such Confidential Information to be identified in the Confidentiality Log by the Bates numbers assigned to that material for purposes of this litigation, or by interrogatory, request for production, or request for admission number. A party will provide a copy of the Confidentiality Log to the other party upon request and reasonable notice.

5.      For purposes of this Order, the term "Confidential Information" shall mean any information, or the contents of any document (including copies, transcripts, videos, and computer stored information), (a) which the designating party contends and in good faith believes is a trade secret or other confidential or proprietary research, development, trading, customer or commercial information, financial information, or information subject to a legally protected right of privacy, and (b) which counsel for the designating party designates as "CONFIDENTIAL" upon a good faith belief that there is good cause under applicable law for such a designation, or, at the same time the Confidential Information being disclosed identifies the Confidential Information by specific Bates range, interrogatory, request for production or request for admission number.

6.      Counsel for any party or non-party to this litigation shall designate documents or information as Confidential Information prior to actual production of the documents or

information (but may do so after inspection of the same) by placing the notation "CONFIDENTIAL" on every page of each document so designated or, in the case of Confidential Information disclosed in a non-paper medium (*e.g.* video tape, audio tape, computer disks, etc.), the notation "CONFIDENTIAL" shall be affixed to the outside of *the medium or its* container. Inadvertent failure to designate a document as protected may be corrected by supplemental written notice given as soon as practicable.

7.      Counsel for any party to this litigation can designate as "CONFIDENTIAL" any documents or information already produced in this litigation before entry of this Order within twenty (20) days after the Court enters this Order by notifying the other parties of that designation and clearly identifying the information or documents that are to be designated as "CONFIDENTIAL." Similarly, any documents or information already produced in this litigation before entry of this Order and designated as "CONFIDENTIAL" prior to the entry of this Order shall be treated as Confidential Information pursuant to the terms of this Order upon the entry of this Order.

8.      If Confidential Information is inadvertently disclosed before it has been designated as "CONFIDENTIAL," the party supplying such Confidential Information may, within a reasonable time after the inadvertent disclosure, designate the Confidential Information as "CONFIDENTIAL" and subject to the provisions of this Order from the point the information is designated as Confidential Information.

9.      Any party objecting to the designation of any information as Confidential Information shall clearly state the basis for the objection in a letter to counsel for the party making the designation, and such letter must be received by counsel for the party making the

designation no later than twenty (20) days after the objecting party received the Confidential

Information to which it objects. If the parties are unable to resolve the objection, any party may

move the Court to do so. Until an objection to the designation of information has been resolved

by agreement of counsel or by order of the Court, the information shall be assumed to be

properly designated, and shall be subject to the terms of this Protective Order. The party making

the designation in question shall bear the burden of justifying that designation in any motion

before the Court to modify or strike the designation. If the Court grants the requesting party's

motion in whole or in part, such ruling shall not take effect until ten (10) business days after it is

made. The requesting party shall not make any disclosure while a motion to allow or to bar such

disclosure is pending or while any appeal or request for review or reconsideration pertaining to

such a motion is pending.

10. When documents or information are designated as "CONFIDENTIAL," copies

thereof and the information contained therein may be disclosed only by counsel of record and

only to the following persons:

(a) Parties in this litigation, including their officers, directors, or employees who are assisting in the preparation or actively engaged in connection with or making decisions with respect to the preparation for and trial of this litigation, or in monitoring such activities, former employees, and any representative for an insurer for the parties;

(b) Corporate (in-house) or outside counsel for the parties, including such counsel's paralegal, secretarial and clerical personnel who are working on this litigation;

(c) Authors, addressees and recipients of the confidential document or information;

(d) Insurers and their agents for claim analysis and evaluation only;

(e) Consultants and experts and their staff ("experts") who are directly employed or retained in connection with this action by counsel for the parties for assistance with respect to this action, to the extent

that such disclosure is necessary for the preparation of this case for trial or appeal;

(f)     The Court in this action or any other court to which any appeal from this litigation may be taken, and any persons employed by the Court; and

(g)     Court reporters, including stenographers and video technicians transcribing proceedings in this action.

11.     In addition to the limitations specified in paragraph 10, documents or information designated as "CONFIDENTIAL" may be disclosed to the persons described in Paragraph 10 only to the extent necessary for purposes of this action, and each person described in subparagraph 10(d) and (e) shall, prior to such disclosure, first have signed a counterpart of this Order attached hereto as Exhibit A, acknowledging that he or she has read this Order, has agreed to be bound by it and will not disclose confidential documents or information to anyone else except as permitted herein, and will not use such material for any purpose other than trial preparation, trial, or appeal of this action. Each such counterpart of Exhibit A shall be maintained by counsel making the disclosure to such person and shall be made available to any party requesting access thereto at the conclusion of this action.

12.     Disclosure of documents containing Confidential Information or other Confidential Information to an expert or consultant shall not constitute a designation of the person as an expert whose opinions may be presented at trial.

13.     If testimony concerning Confidential Information is elicited at a hearing or at trial, counsel for any party may request that a designated portion of the transcript be treated as Confidential Information. Such a request shall be made by notifying all parties in writing within ten (10) days after the date of the receipt of the transcript. If such a request is made, such portion shall be so treated and filed under seal, if it is filed in the record. Unless otherwise designated,

all such transcripts shall be treated for a period of ten (10) days after the date of the receipt thereof as Confidential Information.

14.     Nothing in this Order shall be construed in any way as a finding by the Court that material designated as Confidential Information is confidential. Further, nothing in this Order shall be deemed a waiver of any party's right to object on grounds that information, which has been produced or will be produced in this action, is not authentic, admissible or discoverable.

15.     Confidential Information subject to this Order, including all copies, extracts, and summaries thereof and all documents containing information taken therefrom, shall remain in the custody of counsel and shall not be provided to other persons except as necessary to prepare for trial or appeal of this action.

16.     All parties agree that any and all documents and/or information containing Confidential Information, or documents designated as "CONFIDENTIAL," shall be filed with the Court only after, or contemporaneously with, the filing of a motion to file the documents under seal in accordance with Colorado law. Before using any such protected document in connection with an in-court presentation, counsel will meet and confer with the party producing the protected material to discuss whether the use of the protected material can be avoided. Any disputes will be resolved by the Court.

17.     All documents and information designated as "CONFIDENTIAL" shall be used by the party receiving them solely for the purpose of trial or preparation for trial and appeal of this case, or for any alternative dispute resolution proceeding mutually agreed upon by the parties, or generally in connection with this litigation, and for no other purpose whatsoever. Without limitation, no person receiving Confidential Information shall use such Confidential

Information in any other action or proceeding. Material designated as "CONFIDENTIAL" shall not be used for any business, competitive or other purpose, and shall not be disclosed to any person or entity, except as expressly provided herein.

18.     The terms of this Order shall in no way affect the right of any person (a) to withhold information on grounds of immunity from discovery such as, for example, attorney/client privilege or work product; or (b) to raise or assert any objections heretofore or hereafter raised or asserted, including, but not limited to, defenses or objections with respect to the use, relevance or admissibility at trial of any evidence, whether or not comprised of information or documents subject hereto. The inadvertent disclosure of any document or information shall not operate as a waiver of any privilege or exemption, including, without limitation, the attorney-client privilege or the work product exemption, if the party or person producing the documents or information requests return of the documents or information within thirty (30) days after discovery of the inadvertent disclosure. A party which has received inadvertently disclosed documents or information subject to a privilege or exemption shall, immediately upon discovery of the same, return or (with respect to any such documents or information which have been altered or incorporated into other documents in a privileged manner) destroy all documents constituting the same or incorporating such information and shall make no use thereof.

19.     Nothing in this Order shall be construed to create rights in any person not a party to this litigation except to the extent such person is a disclosing party hereunder.

20.     Upon final termination of this action (including all appeals), any party receiving any non-public information through discovery, including, without limitation, any Confidential

Information, shall, within thirty (30) days of such termination, return to the designating party and certify in writing that all such Confidential Information has been returned, or destroy all "CONFIDENTIAL" information obtained through discovery, including, without limitation, any Confidential Information which is in its possession, excepting only attorney-generated memoranda and pleadings which may be retained by counsel to the receiving party and which shall remain subject to all other restrictions of this Order, including the restriction that the Confidential Information be used solely for the purpose of litigating this lawsuit. In either event, the receiving party shall certify the return or destruction of all such information.

21.    If information designated "CONFIDENTIAL" in this action is requested in a subpoena or other process by someone who is not a party to this action, the party to whom the subpoena or other process is directed shall immediately give written notice to each person that has designated the information as "CONFIDENTIAL" and shall not produce the documents until the earlier of 15 days after providing notice or the return date of the subpoena or other process.

22.    The parties agree that this Order shall be effective from the date on which it is executed by counsel for the parties and shall apply and be enforceable from the date forward with respect to all pre-trial and trial proceedings in this matter, including materials produced at any time after commencement of this case.

23.    Nothing in this Order shall prevent a party from any use of its, his, or her own Confidential Information.

24.    The Court retains jurisdiction during and (to the extent necessary to enforce Paragraph 24 hereof) after final disposition of this action to enforce this Order and to make such

amendments, modifications, deletions, and additions to this Order as the Court may from time to time deem appropriate or as may be requested by the parties.

25.     Any person not a party to this action from whom discovery is sought may obtain the benefits of this Order by signing, or having duly authorized counsel sign, a copy of this Order and giving notice thereof to counsel for the parties.  Any documents, deposition testimony and other information produced upon discovery by such person and designated as "CONFIDENTIAL" by such person shall be treated accordingly.

26.     This Stipulated Protective Order may be executed in any number of counterparts each of which shall be deemed to be an original and all of which shall constitute one and the same agreement.

This Stipulated Protective Order represents the entire stipulation and may be modified only by further order of this Court.

IT IS SO ORDERED.

Date: _May 18, 2009_

_____
United States Magistrate Judge

APPROVED:

GODFREY & LAPUYADE, P.C.

s/James H. Guest

James H. Guest
475 17th Street, Suite 960
Denver, Colorado 80202
Phone: (303) 292-2992
Fax:    (303) 292-2882
jguest@jguestlaw.com
*Attorney for Plaintiffs*

s/Rachel L. Carnaggio

Rachel L. Carnaggio
GODFREY & LAPUYADE, P.C.
9557 S. Kingston Court
Englewood, Colorado 80112
Phone: (303) 228-0700
Fax:    (303) 228-0701
E-mail: carnaggio@godlap.com
*Attorneys for Defendant ACMI Corporation*

s/Kimberly F. W. DeLine

J. Stephen Mullen
Kimberly F. W. DeLine
Retherford, Mullen & Moore, LLC
2925 Professional Place, Suite 201
Colorado Springs, Colorado 80904
Phone: (719) 884-2844
smullen@rmmattys.com
kdeline@rmmattys.com
*Attorneys for Defendant Vail Valley Medical Center*

11

## EXHIBIT A:  CONFIDENTIALITY AGREEMENT

I, _____, hereby acknowledge that:

(a)      I have received a copy of the Stipulated Protective Order ("Order") entered in this action by the United States District Court for the District of Colorado;

(b)      I have either read the Order and/or have had the terms of the Order explained to me by an attorney;

(c)      I understand the terms of the Order and agree to comply with and to be bound by such terms;

(d)      I may receive documents or information designated as confidential and understand that such documents and information are provided to me pursuant to the terms and conditions of the Order;

(e)      I agree to hold in confidence any documents and information disclosed to me pursuant to the terms of the Order; and

(f)      I hereby submit myself to the jurisdiction of the United States District Court for the District of Colorado for resolution of any matters pertaining to the Order.

Signature: _____

Date: _____